UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA YARINA, | ) | CASE NO.  1:26-CV-449 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| WELTMAN, WEINBERG & REIS CO., | ) | **ORDER** |
| L.P.A., | ) | |
| | ) | |
| Defendant. | ) | |

On February 23, 2026, *pro se* Plaintiff Angela Yarina ("Plaintiff") filed a Complaint alleging employment discrimination claims under Title VII of the Civil Rights Act of 1964, the American with Disabilities Act, and the Family and Medical Leave Act against Defendant Weltman, Weinberg & Reis Co., L.P.A.  (Doc. 1.)  Instead of paying the filing fee, she filed a Motion to Proceed *In Forma Pauperis* ("IFP").  (Doc. 2.)

Pursuant to 28 U.S.C. § 1915, the Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  "[P]auper status does not require absolute destitution."  *Foster v. Cuyahoga Dep't of Health & Hum. Servs*., 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc*, 865 F.2d 22, 23 (2d Cir. 1988)); *see also Ciavarella v. Comm'r of Soc. Sec*., No. 13-CV-2031, 2013 U.S. Dist. LEXIS 136441, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013); *Levet v. Comm'r of Soc. Sec*., No. 14-CV-1378, 2014 U.S. Dist. LEXIS 96078, 2014 WL 3508893 at *2 (N.D. Ohio July

15, 2014).  Rather, "the question is whether the court costs can be paid without undue hardship."

*Foster*, 21 F. App'x at 240.  It is within the Court's discretion whether to allow a litigant to

proceed IFP.  *Id*.; *see also Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

In determining an applicant's eligibility to proceed IFP, the Court looks to the applicant's

employment status, annual salary, and any property or assets the applicant may possess, as well

as the resources that could be made available from the applicant's spouse or other family

members.  *See Jones v. Vital & FNR North America*, No. 24-cv-1612, 2024 U.S. Dist. LEXIS

181411, 2024 WL 4416857, at *1 (N.D. Ohio Oct. 4, 2024).  Courts also consider the disability

income an applicant or a spouse receives.  *See Crochran Through Shields v. Columbus City

Schs.*, No. 15-cv-632, 2017 U.S. Dist. LEXIS 235763, 2017 WL 11634750, at *1 (S.D. Ohio

Nov. 20, 2017).

Plaintiff has not demonstrated an inability to pay the filing fee.  Her application shows

she and her spouse receive over $7,000.00 in monthly income, or over $84,000 annually, and

have nearly $5,000.00 in a checking or savings account.  (Doc. 2 at 64; Doc. 2-1 at 65.)[1]  This

places her and her spouse well outside of the 2026 United States Poverty Guidelines.[2]  Although

not the required standard for determining eligibility for IFP status, these guidelines are used to

determine financial eligibility for certain federal programs and, at the very least, provide some

direction with respect to whether an individual is in poverty and, thus, likely unable to pay the

filing fee.  It does not appear the cost of filing is beyond Plaintiff's means given the monthly

incomes she reports (and considering monthly expenses she reports for the necessities of housing

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

[2] The 2026 Federal Poverty guidelines place a single individual at the poverty level with an income of $15,960.00 or less and a two-person household at the poverty level with a collective income of $21,640.00 or less.

($500.00), utilities ($600.00) and medical needs ($350)).  (Doc. 2-1 at 66-67.)  Rather, this is a case where Plaintiff must "weigh the financial constraints posed by pursuing her complaint against the merits of her claims."  *Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 U.S. Dist. LEXIS 160454, 2012 WL 5457466, at *2 (E.D. Mich. Oct. 16, 2012), *R&R adopted*, 2012 U.S. Dist. LEXIS 160450, 2012 WL 5457383 (E.D. Mich. Nov. 8, 2012).

Accordingly, Plaintiff's Motion to Proceed IFP (Doc. 2) is DENIED and this action is DISMISSED without prejudice.  Plaintiff may move to reopen this case within fourteen (14) days of the date of this Order by paying the full filing fee of $405.00 and filing a Motion to Reopen contemporaneous with the payment of the full filing fee.  The Court will not accept any document for filing unless the filing fee is first paid in its entirety.   Failure to comply with this fourteen (14) day deadline may result in a Motion to Reopen being denied.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:   April 13, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE